## Lovering *v.* Miller, Appellant.

*Contract—Theatrical contract—"Regular season"—Evidence—Parol evidence.*

Where a theatrical contract in writing provides for an engagement for the "regular season" but the contract does not disclose what is intended by the words "regular season," parol evidence is admissible to show the common understanding in the theatrical business what that term includes, and the writing with this evidence must go to the jury to find the exact terms of the contract.

Argued March 27, 1907. Appeal, No. 395, Jan. T., 1906, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1903, No. 2,250, on verdict for plaintiff in case of Daisy Lovering *v.* William W. Miller and Israel Kaufman, trading as Miller & Kaufman. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit on a contract of employment. Before WILT-BANK, J.

At the trial it appeared that the contract in question was as follows:

"Miller & Kaufman, Managers hereby engages Daisy Lovering, actor to play—'Chuff' in 'His Sister's Shame' for weeks season 1903-4. Beginning on or about September 1, 1903, at a weekly salary of $75.00 and the said manager shall pay all expenses of transportation of the person and baggage of the said actor during travel.

"A supplementary season of three weeks or more opening on or about June 15, at Atlantic City. During supplementary season said Daisy Lovering to receive a salary of $50 per week.

"It is further agreed that during regular season commencing on or about September 1, said Miller & Kaufman, managers, are to feature said Daisy Lovering on all papers, dodgers, programmes and furnish all lithographs of said Daisy Lovering.

. "In witness whereof we have hereunto set our hands this 21st day of May, 1903.

　　　　　　　　　" MILLER & KAUFMAN.
　　　　　　　　　"DAISY LOVERING."

Verdict and judgment for plaintiff for $2,651.35. Defendant appealed.

*Error assigned* was in admitting the parol evidence referred to in the opinion of the Supreme Court, to show what was meant by the words "regular season" in the contract.

*Emanuel Furth,* with him *David Bortin, Jerome J. Roths-child* and *Jacob Singer,* for appellants.

*Edward B. West,* for appellee.

PER CURIAM, May 13, 1907:
By the contract in evidence appellants engaged the plaintiff to play a certain part " for (blank) weeks season 1903–4, beginning on or about September 1, 1903. . . . A supplementary season of three weeks or more opening on or about June 15, at Atlantic City . . . . during regular season commencing on or about September 1, said Miller & Kaufman, Managers, are to feature said Lovering on all papers," etc. The contract is plainly for a "regular season" beginning on or about September 1, the salary is fixed at $75.00 a week, and it is provided that in what is expressly called the "regular season" commencing on or about September 1, the appellants were to "feature" the plaintiff in the papers, programmes, etc. That a regular season was meant is further implied from the clause as to a "supplementary season" opening in June at a lesser salary.

The number of weeks comprised in a regular season was, however, left undefined in the writing, and evidence was, therefore, properly admitted to show the common understanding

in the theatrical business what that term included, and the writing with this evidence necessarily went to the jury to find the exact terms of the contract.

In view of the dispute between the parties as to which was in fault for breach of the contract, it is not clear that the conversations before the writing was signed, testified to by plaintiff, particularly as to her requirement that she should first read the play, and as to the version of it that she agreed to perform, did not bear directly on the considerations inducing her to make the contract. But even if this were conceded to be doubtful it does not appear that the evidence had any prejudicial effect on the real contest in the case over the question whether appellants contracted for a definite period or, as they claimed, only for an employment at will, "so long as satisfactory."

Judgment affirmed.